IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR RODGERS, #250-908 | : | |
| Plaintiff | : | |
| v | : | Civil Action No. CCB-05-732 |
| PRISON HEALTH SERVICES, INC. | : | |
| Defendant | : | |

. . . .o0o. . . .

## MEMORANDUM

On March 15, 2005, while incarcerated at the Maryland Correctional Adjustment Center ("MCAC"), plaintiff Arthur Rodgers filed a pro se 42 U.S.C. § 1983 civil rights action seeking money damages and injunctive relief mandating that he be provided appropriate dental care. (Paper No. 1).  Plaintiff, now housed at the Maryland House of Correction Annex in Jessup ("MHC-Annex"), also seeks appointment of counsel (Paper Nos. 10 and 35) and amendment of the complaint to include a dentist, Dr. Saffold, as a party defendant (Paper Nos. 19 and 23).  In addition, he requests injunctive relief requiring that: the Maryland Division of Correction direct its contractual dental care provider to treat plaintiff (Paper No. 12); the treatment be provided by dentists other than the contractual health care providers (Paper No. 24); and plaintiff be provided additional writing materials and library access to pursue this litigation (Paper No. 33).  Defendant Prison Health Services, Inc. ("PHS") has filed a motion to dismiss the complaint on the basis that it no longer is providing health care services, including dental care, within Maryland's prisons.[1]  (Paper No. 27).  No hearing is needed before this court addresses these pending motions.  *See* Local Rule 105.6 (D. Md. 2004).

---

[1] Plaintiff has requested additional time in which to oppose the motion to dismiss.  For reasons apparent herein, the request for additional time (Paper No. 31) shall be denied as moot.

Plaintiff's motions to amend were filed before defendant responded to the complaint.  Dr. Saffold appears to be the primary individual against whom plaintiff alleges a prolonged denial of access to dental care.  The motions to amend shall be granted, and the Clerk shall be directed to add Dr. Saffold as a named party defendant.

Plaintiff also requests appointment of counsel.  Plaintiff appears to have fully litigated this case, first by preparing an adequate complaint, then by filing various motions.  Thus, the court concludes that plaintiff is able to articulate his claims and present issues for redress by this court, at least at this stage in the proceedings.  Therefore, in accordance with the discretion afforded under 28 U.S.C. § 1915(e)(1), plaintiff's motions for appointment of counsel shall be denied without prejudice.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

For guidance as to the legal standard to apply in considering plaintiff's requests for injunctive relief, the court relies on the Fourth Circuit ruling of *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/ respondent will not be harmed if the requested relief is granted; (iii) the likelihood that the movant will succeed on the merits; and (iv) the public interest will be served if the injunction is granted.  *Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000). The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction.  *Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)    The affidavit of Michael Saffold, D.D.S. and

the medical records attached thereto indicate that plaintiff has received some level of ongoing dental care. (Paper No. 20). Therefore his claim for injunctive relief mandating that such care be provided (Paper No. 12) is moot and shall be denied, as shall be his claim for injunctive relief mandating that his dental care be provided by private dentists not employed within the prison system (Paper No. 24). Plaintiff's remaining request for injunctive relief, contained in Paper No. 33, orders the Maryland DOC to provide him with library time and writing materials. To the extent that plaintiff wishes to file a separate lawsuit contending that he is being denied access to the library and writing materials, he may do so. This court, however, will not require the named defendants to answer this injunctive relief request in connection with an action involving allegations of improper dental care.

     Defendant PHS has filed a motion to dismiss the complaint. "In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint. The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action." *Abadian v. Lee,* 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc., v. Forbes, Inc.,* 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd,* 151 F.3d 180 (4th Cir. 1998)). When doing so, the court need not convert a Rule 12(b)(6) motion to dismiss to one for summary judgment so long as it does not consider matters "outside the pleading." *See* Fed.R.Civ.P. 12(b) ("If [on a 12(b)(6) motion to dismiss,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."); *Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 260-61 (4th Cir. 1998) (citing Rule 12(b)); *Luy v. Balt. Police Dep't,* 326 F.Supp.2d 682, 688 (D.Md. 2004) ("The court may consider a document submitted by the

-3-

defendant in support of a motion to dismiss, however, '[if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.') (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004)).

Although plaintiff here has not opposed the motion to dismiss, he clearly seeks additional time in which to do so, leaving open the question of whether the authenticity of Dr. Saffold's affidavit and the supporting medical records will be challenged. In the motion to dismiss, PHS indicates that it is no longer the provider of dental services for the DOC, and that Mumby & Simmons, Inc. holds the current contract to provide dental care to Maryland's prisoners.[2] It is unclear whether Dr. Saffold, who has been named a party defendant in this case, worked for PHS prior to July 1, 2005, although it appears he now works for Mumby & Simmons, Inc. It is clear, however, that the period of time during which the alleged lack of appropriate dental care occurred spanned a period of several months during which time PHS provided at least some contractual health care services to the DOC, and also spanned the nearly three months during which Mumby & Simmons, Inc. has provided a portion of such care. Until Dr. Saffold is served with and answers the original and amended complaints, dismissing the sole active defendant in this case is premature. For that reason, PHS's motion to dismiss shall be denied without prejudice at this time, subject to renewal once Dr. Saffold, through counsel, files a responsive pleading in this case.[3]

---

[2] As of July 1, 2005, PHS no longer held the contract to provide any type of medical services to many of Maryland's prisons. Instead, the State divided various health care services among a number of other health service contractors. Many of the health care workers employed by PHS now are employed by these new health care providers.

[3] At that time, PHS may renew its dispositive motion relying on respondeat superior, and will be permitted to add any other affirmative defenses relevant to its defense.

A separate Order shall be entered in accordance with this Memorandum.

August 24, 2005 /s/
(Date) Catherine C. Blake
United States District Judge