IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR RODGERS, #250-908
        Plaintiff                :

    v.                                    :   CIVIL ACTION NO. CCB-05-732

DR. MICHAEL SAFFOLD, DDS[1]        :
        Defendant

**MEMORANDUM**

On March 15, 2005, plaintiff, then confined at the Maryland Correctional Adjustment Center ("MCAC") in Baltimore,[2] filed this 42 U.S.C. § 1983 civil rights complaint seeking money damages and injunctive relief wherein he would be afforded dental care for periodontal disease commensurate "with the standard [of care] recognized by such organizations as the American Dental Association and the American Academy of Periodontology." (Paper No. 1 at 1-2). Plaintiff sues Dr. Michael Saffold, the dentist responsible for his dental care. Defendant has filed a motion for summary judgment (Paper No. 71),[3] which plaintiff opposes.[4] (Paper No. 75). Defendant and counsel for the Maryland Division of Correction ("DOC") have responded to plaintiff's injunctive relief request (Paper Nos. 68, 71 and 73), as ordered by the court. (Paper No. 69).  For reasons set forth herein,

---

[1]    On August 24, 2005, the court ordered Dr. Michael Saffold added to the docket of the complaint as the proper party defendant, and dismissed Prison Health Services, Inc. ("PHS") from the case. Paper No. 38.

[2]    Plaintiff currently is housed at the Jessup Correctional Institution at Jessup ("JCI"), formerly known as the Maryland House of Correction Annex ("MHC-A").  This transfer occurred on July 19, 2005. Paper No. 75 at 2.

[3]    Defendant had sought additional time to submit his motion. Paper No. 62.  That request is now granted, nunc pro tunc to November 7, 2006.

[4]    Plaintiff requests appointment of counsel, stating that he has limited legal training.  Paper No. 76. Plaintiff appears to have fully litigated this case, first by preparing an adequate complaint, then by filing various motions.  Thus, the court concludes that plaintiff is able to articulate his claims and present issues for redress. Therefore, in accordance with the discretion afforded under 28 U.S.C. § 1915(e)(1), plaintiff's motion for appointment of counsel shall be denied without prejudice. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

based on the DOC's show cause response, injunctive relief shall be denied.[5]  Summary judgment, however, shall be denied.

**Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See  Celotex*, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

A prisoner presenting a denial of medical care claim in violation of the Eighth Amendment must prove two essential elements.  First, he must satisfy the "objective" component by illustrating a serious medical condition.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).  If this first element is satisfied, the prisoner must then prove the

---

[5] Plaintiff seeks an injunction against officials at JCI and Dr. Foster, the dentist working there, claiming that sick call slips submitted in December of 2006, requesting dental treatment have been ignored.  Paper No. 68.  The response filed on behalf of the MDPSCS shows that plaintiff was examined by a dentist on October 18, 2006, and next complained of swollen and infected gums on December 13, 2006.  Plaintiff failed to attend scheduled appointments on December 14 and 15, 2006, but was seen on December 17 and 18, 2006.  His complaints have not been ignored, and injunctive relief is not warranted.  To the extent that plaintiff seeks to hold JCI staff or Dr. Foster liable for damages, he may file a new complaint.  He will not, however, be permitted to amend the instant case to include complaints about dental care arising out of his new place of confinement.

subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of prison officials or health care personnel. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 837. Healthcare staff are not, however, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

### Analysis

Plaintiff believes that scaling is routinely needed to eliminate plaque from his teeth and ameliorate his periodontal disease. He also complains that the prison commissary will not provide dental floss. (Paper No. 1 at 5). He alleges that the oral health care program designed for the DOC by the Maryland Department of Public Safety and Correctional Services ("MDPSCS"), which details the types of dental procedures afforded various prisoners based on their dental status and the severity of already-present oral disease, does not provide sufficient care for him to maintain good oral hygiene.[6]

Division of Corrections Directive ("DCD") 130-500 sets forth a policy goal to provide each

---

[6] Plaintiff does not name MDPSCS or individual state officials as defendants in this action and, accordingly, his complaints about the lack of dental floss and alleged deficiencies in the oral health care protocol will not be addressed here.

prisoner with oral health care based on the severity any existing oral disease, the medical status of the prisoner, and the projected length of time of incarceration. *See* DCD 130-500.V (January 10, 1995). Prisoners are classified so that those requiring emergency dental treatment for conditions such as acute oral infections (including abscesses and periodontitis), fractures, severe pain, suspected neoplasms or swelling, or traumatic injury to soft tissues are given Class I status. These patients are given the highest priority in scheduling care. Class II patients require treatment for conditions such as advanced cavities, severe periodontal disease, infection, or a dental condition that affects the ability to eat. Class II patients have the second highest priority for scheduling care. Class III patients require treatment of a less urgent nature, while Class IV patients merely require preventive dental care. DCD 130-500VI.B.(1)-(4).

The program statement details limitations of care. Patients receiving routine treatment and in Periodontal Class II or III status must be willing to provide "adequate self-care to minimize plaque accumulation, minimal signs of gingival inflammation, and the elimination of sub- and supra-gingival calculus" i.e., they must follow the self-care instructions provided by dental professionals to keep their gums healthy between visits to the dentist. DCD 130-500.VI.C. The statement notes that "[p]eriodontal surgical procedures will only be performed if dental professional resources are available and an emphatic clinical need [for those services] exists." DCD 130-500.VI.D.2. All exceptions to the limitations on care must be approved by the regional director and dental contract administrators before initiating additional care. DCD 130-500.VI.E.

Defendant contends that he provided plaintiff with the care mandated by the program statement, and thus cannot be held liable for any alleged violation of the Eighth Amendment. (Paper No. 71 at 1-2). He provides an affidavit indicating the dates that he treated plaintiff and his

assessment of the treatment rendered. He fails to address plaintiff's allegations concerning a lengthy and painful wait for tooth extraction in May-June of 2005, provides no information as to plaintiff's classification under the policy statement, does not include plaintiff's dental records as an exhibit to his dispositive motion, and provides no evidence by which this court can examine whether the degree of pain, bone loss, and incapacitation claimed by plaintiff was in fact caused by any deficiency on the part of the named defendant. In short, more information will be required before the court can render a decision in this case.

Accordingly, plaintiff's request for injunctive relief shall be denied, and his request for appointment of counsel denied without prejudice. Defendant's motion for summary judgment shall be denied, and a scheduling order shall be entered. A separate order follows.

| March 22, 2007 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |